**Francisco DELEON, Plaintiff–Appellant,**

v.

**CHANDLER EVANS CONTROL SYSTEM DIVISION, Coltec Industries, Inc., Wayman B. Ward and Martha Johnson, Defendants–Appellees.**

No. 00–7613.

United States Court of Appeals, Second Circuit.

July 11, 2001.

---

* Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

96

Paul M. Ngobeni, East Hartford, CT, for appellant.

Carla R. Walworth; Adam S. Bozek, on the brief, Paul, Hastings, Janofsky & Walker LLP, Stamford, CT, for appellees.

Present MINER and LEVAL, Circuit Judges, and RAKOFF, District Judge.*

*The Honorable Jed S. Rakoff, United States District Judge for the Southern District of

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff appeals from the dismissal of his suit alleging employment discrimination as a result of his failure to comply with the district court's discovery orders. Plaintiff also appeals the district court's award of attorneys' fees to defendant as a monetary sanction for his noncompliance with discovery orders. We conclude that the district court did not abuse its discretion, either by dismissing the action with prejudice or by awarding defendants attorneys' fees.

 The sanction of dismissal with prejudice is available only where there has been some "wilfulness, bad faith, or [ ] fault" by the plaintiff. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (internal quotation marks omitted). Where the "record shows that the District Court was extremely patient in its efforts to allow [a plaintiff] ample time to comply with its discovery orders," and where the plaintiff nonetheless "[n]ot only ... fail[s] to file [his] responses on time," but also files responses that are "grossly inadequate," the sanction of dismissal is within the sound discretion of the district court. *Id.* at 642, 96 S.Ct. 2778. The record amply demonstrates the required fault on the plaintiff's part. Indeed, the district court was exceedingly generous to plaintiff and allowed plaintiff repeated chances to comply with discovery orders.

The same record amply supports the district court's award of attorneys' fees.

New York, sitting by designation.

In any event, the plaintiff waived his right to appeal the award of attorneys' fees to defendants by failing to object to the sanctions order within ten days as required by Federal Rule of Civil Procedure 72(a).